UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

DEMETRIOUS LOVING,

              Plaintiff,

   -against-

OLGA HARRIS, DORA MANNING,
KATHLEEN RABBITO,
NYS DIVISION OF PAROLE,

              Defendants.
----------------------------------------X

**MEMORANDUM AND ORDER**
05-CV-3411 (DGT)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 15 2005 ★

P.M. _____
TIME A.M. _____

TRAGER, J.:

Plaintiff Demetrious Loving, who is currently incarcerated at Rikers Island, brings this *pro se* action pursuant to 42 U.S.C. § 1983, alleging that defendants violated his Due Process rights when they found him in violation of the terms of his parole. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), but dismisses the complaint for the reasons set forth below.

Background

On June 13, 2001, plaintiff was convicted of assault in the second degree, criminal possession of a weapon in third degree, and criminal possession of a weapon in the fourth degree (two counts) in Supreme Court, Queens County. See People v. Loving, 302 A.D.2d 607 (2d Dep't 2003). Plaintiff was released to parole supervision on July 30, 2004. See Compl., Ex. A. Plaintiff alleges that on April 3, 2005 at 12:30 p.m.: "Dora Manning, [plaintiff's co-defendant in his 2001 criminal trial,] after a brief conversation with Plaintiff, struck /punched plaintiff twice in the face, then proceeded to and approched [sic] on-duty police officer JAMES DAGOSTINO

1

(Shield No.: 11676) Transit District 20, and asserted a completely false allegation in claiming that plaintiff physically assaulted her in the train station." Id. ¶ IV. Plaintiff alleges that Manning "vowed to 'get' plaintiff because she holds plaintiff personally responsible for her own incarceration" and "because plaintiff refused to associate with her upon his release on parole." Id. Plaintiff alleges that on April 27, 2005, Parole Officers Olga Harris and Kathleen Rabbito issued a parole violation against plaintiff "based on the baseless allegation of plaintiff's alleged assault." Id.

A parole revocation hearing was held on May 13, 2005 before Hearing Officer Audrey Crawford. See id., Ex. B. Plaintiff alleges that officer James D'Agostino's testimony at the hearing "refutted [sic] and rebutted Ms. Manning's claims of being assaulted by plaintiff." Id. ¶ IV. Plaintiff alleges that Harris and Rabbito should never have "executed and hinged a parole violation and the denial of plaintiff's liberty and property based on the clearly perjured testimony of a person (and situation) in which there are such obvious questionable circumstances." Id. Plaintiff alleges "negligance [sic], indifference, direliction [sic] of duty and/or intentionally (malfeasance)" on the part of defendants Harris and Rabbito. Id.

Discussion

Title 28, Section 1915A of the United States Code requires this Court to review the complaint in a civil action in which a prisoner seeks redress from a governmental entity or from officers or employees thereof, and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... fails to state a claim upon which relief may be granted ... ." 28 U.S.C. § 1915A(b); see Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam). Because plaintiff is proceeding *pro se*, his complaint must be read liberally and

interpreted as raising the strongest arguments it suggests. See McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

Plaintiff's complaint fails to state a claim upon which relief may be granted against the defendants. First, plaintiff cannot maintain a § 1983 claim against defendant Manning as she is not a state actor. A claim for relief under § 1983 must allege facts showing that the defendant acted under color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. See Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155-57 (1978); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotations omitted); cf. Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) ("state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself'") (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 351 (1974)). For plaintiff to succeed on his § 1983 complaint, he must first establish that the conduct of the named defendant is "fairly attributable to the State." Am. Mfrs. Mut. Ins. Co., 526 U.S. at 50. As defendant Manning is a private individual and not a state actor, plaintiff's claim against her is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

To the extent that plaintiff challenges the actions of defendant parole officers which led to the revocation of his parole, his claims are barred under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held:

> "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness

3

would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."

Heck, 512 U.S. at 486-87. Heck also applies to actions based on the revocation of parole. See Dallas v. Goldberg, 143 F. Supp. 2d 312, 322 (S.D.N.Y. 2001). Plaintiff has not established, as he must, that the hearing decision revoking his parole has been invalidated. Davis v. Cotov, 214 F. Supp. 2d 310, 316 (E.D.N.Y. Aug. 14, 2002) (§ 1983 claim can only proceed if plaintiff has succeeded in establishing the invalidity of his parole revocation in an appropriate state or federal proceeding); Dallas, 143 F. Supp. 2d at 322. Plaintiff attaches to his complaint a copy of a Petition for Writ of Habeas Corpus challenging his parole revocation which he mailed to the Bronx Supreme Court on May 17, 2005. See Compl., Ex. C. Plaintiff does not allege that he has succeeded in establishing the invalidity of his parole revocation. As such, plaintiff's claims are barred under Heck. Davis, 214 F. Supp. 2d at 316 (plaintiff's claims that his parole violation was based on an improper arrest and his parole revocation the result of inadequate proceedings are barred under Heck). Thus, plaintiff's claims against defendants Harris and Rabbito are dismissed without prejudice. 28 U.S.C. § 1915A(b)(1); Amaker v. Weiner, 179 F.3d 48, 52 (2d Cir. 1999) (dismissal under Heck is without prejudice because the suit may be reinstituted if conviction or revocation is overturned).

Finally, plaintiff's claim against the New York State Division of Parole, a state agency, is barred by the Eleventh Amendment to the United States Constitution, which prohibits suits in a federal court by private parties against state agencies absent consent to such a suit or an express statutory waiver of immunity. See Bd. of Trs. of Univ. of Alabama v. Garrett, 531 U.S. 356, 362

(2001); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996). Therefore, plaintiff's claim against this defendant is dismissed.

Conclusion

Plaintiff's complaint fails to state a claim upon which relief may be granted, and this action is hereby dismissed pursuant to 28 U.S.C. § 1915A(b). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/David G. Trager<br>
David G. Trager<br>
United States District Judge

Dated: Brooklyn, New York
August 1, 2005